D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MELODY LOUISDHON, on behalf of herself     INDEX NO.
and all others similarly situated,

            Plaintiff,                            COMPLAINT

       v.                                        FLSA COLLECTIVE ACTION AND
                                               RULE 23 CLASS ACTION
MADISON ENTERTAINMENT
ASSOCIATES LLC, d/b/a LAVO NY,              DEMAND FOR JURY TRIAL

            Defendant.
-----------------------------------------------------------x

      Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Madison Entertainment Associates LLC ("Defendant") is a Delaware limited liability company that owns and operates LAVO NY ("LAVO"), a restaurant and nightclub located in New York, New York.

4. Upon information and belief, Defendant has an annual gross volume of sales in excess of $500,000.

5. Plaintiff Melody Louisdhon ("Plaintiff") was employed as a server at LAVO from November 2013 to July 7, 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees, including, without limitation, servers, runners, bussers, and bartenders, employed by Defendants at LAVO on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

7. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes

related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

9. Plaintiff brings the state law Claims for Relief (Third, Fourth, and Fifth Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees, including, without limitation, servers, runners, bussers, and bartenders, employed by Defendant at LAVO on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

10. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P. 23.

11. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

12. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each

member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage, overtime, and spread of hours compensation, and failure to give required wage notices. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

13.  Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

14.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

15. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

16. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendant employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and the Class members for their work.

c) Whether Defendant paid Plaintiff and the Class members the minimum wage for all hours worked.

5

d)  Whether Defendant properly compensated Plaintiff and the Class members for overtime.

e)  Whether Defendant required Plaintiff and the Class members to share tips with tip-ineligible individuals.

f)  Whether Defendant retained a portion of Plaintiff's and the Class members' tips.

## FACTS

17. Plaintiff's consent to sue form is attached hereto as Exhibit A.

18. Defendant committed the following alleged acts knowingly, intentionally and willfully.

19. Throughout Plaintiffs' employment with Defendant, Defendant paid her pursuant to a tip credit. As a result, Plaintiff was paid less than the federal and New York minimum wages.

20. For example, at the end of Plaintiff's employment, Defendant paid Plaintiff $5.00 per hour for non-overtime hours. At that time, the federal minimum wage was $7.25, and the New York minimum wage was $8.75.

21. Plaintiff sometimes worked more than 40 hours per week. For example, in the week ending May 3, 2015, Plaintiff worked 42.72 hours.

22. When Plaintiff worked more than 40 hours per week, Defendant paid her the tip credit overtime rate.

23. For example, for the week ending May 3, 2015, Defendant paid Plaintiff an overtime rate of $9.375 per hour.

24. For that week, the overtime rate based on the full federal minimum wage would have been $10.875, and the overtime rate based on the full New York minimum wage would have been $13.125 per hour.

25. Defendant was not entitled to pay Plaintiff pursuant to a tip credit because (1) she spent more than 20% of her time performing non-tipped work and (2) Defendant required Plaintiff and other tipped employees to share tips with tip-ineligible employees.

26. Plaintiff sometimes worked lunch opening shifts. When she worked a lunch opening shift, it was the only shift she worked that day.

27. Lunch opening shifts started at 10:00 a.m. and ended between 2:00 p.m. and 3:00 p.m.

28. When Plaintiff worked a lunch opening shift, she performed side work, such as setting up tables, from 10:00 a.m. to 11:30 a.m.

29. This side work was not tip-generating work. To be sure, the restaurant did not even open to customers until 11:00 a.m.

30. Although Plaintiff spent more than 20% of the time of her lunch opening shifts performing non-tipped work, Defendant paid her pursuant to the tip credit.

31. Defendant required all tipped employees to participate in a tip pool that included an employee designated as a polisher for the shift. When an employee worked as a polisher for a shift, he or she did not interact with customers during that shift. As a result, he or she did not provide any direct customer service for that shift.

32. At Saturday brunches, Defendant required tipped employees to share tips with Mateo. During that shift, Mateo worked in the kitchen organizing and retrieving bottles and did not interact with customers or provide any direct customer service.

7

33. Several times a year, there were "buyouts" at LAVO, where the entire restaurant would be used for a private event.

34. Plaintiff worked at some buyouts.

35. Defendant charged buyout customers a service charge but did not distribute it to tip eligible employees who worked the buyouts. Instead, Defendant retained the service charges.

36. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class members.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. § 206)**
**(Brought By Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

37. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employee[s]," including Plaintiff and the FLSA Collective Plaintiffs.

39. Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

40. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
(FLSA Overtime Violations, 29 U.S.C. § 207)
(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

41. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employee[s]," including Plaintiff and the FLSA Collective Plaintiffs.

43. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

44. At all relevant times, Defendant operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at one-and-one-half times the federal minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

45. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)
### (Brought By Plaintiff on Behalf of Herself and the Class)

46. Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47. Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

48. Defendants' failure to pay Plaintiff and the Class members the New York minimum wage was willful.

49. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### (New York Overtime Violations)
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
### N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3 (2010), 146-1.4 (2011))
### (Brought by Plaintiff on Behalf of Herself and the Class)

50. Plaintiff, on behalf of herself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

52. Throughout the Class period, Defendant willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the New York minimum wage for hours worked in excess of forty (40) hours per workweek.

53. As a result of Defendant's willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
### (Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b Brought by Plaintiff on Behalf of Herself and the Class)

54. Plaintiff, on behalf of herself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55. Defendants misappropriated portions of Plaintiff's tips and Class members' tips.

56. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiff as Representative of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
September 4, 2015

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

12

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **LAVO** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

*Melody Louisdhon*
Full Legal Name (Print)

*[signature]*
Signature

8/13/15
Date